UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRAVANTE TYVAUGN TUCKER,<br><br>  Plaintiff,<br><br>  v.<br><br>CME LENDING GROUP, LLC, DANIEL FOWLER, and JAMES METCALF,<br><br>  Defendants. | CAUSE NO.: 2:23-CV-299-TLS-JEM |

**OPINION AND ORDER**

Pro se Plaintiff Travante Tyvaugn Tucker filed his Complaint [ECF No. 1] on September 7, 2023, alleging claims of breach of contract (Counts I and II), breach of fiduciary duty (Count III), securities fraud (Counts IV and V), extortion (Count VI), and identity theft (Count VII). This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint [ECF No. 10], filed on October 16, 2023, which is fully briefed and ripe for ruling. For the reasons set forth below, the Court grants the motion.

**LEGAL STANDARD**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

**A.     Contract, Extortion, and Identity Theft Claims (Counts I–III and VI–VII)**

The Plaintiff makes the following allegations in Counts I–III and Counts VI–VII of his Complaint: (1) Count I: "Defendants, have breached the contract by total repudiation," Compl. 5, ECF No. 1; (2) Count II: "Defendants failed to disclose all elements of the contract upon initial signing of the contract," *id*; (3) Count III: "Defendants failed to perform their fiduciary duties and expressed their non-performance to Plaintiff," *id*.; (4) Count VI: "Defendants have sold contract and both Defendants and 3rd party are requesting payments that are supposedly overdue, knowing payment has already been tendered," *id*. at 6; and (5) Count VII: "Defendants[] accepting securities via collateral security obtained by using Plaintiff[']s credit card in accordance with 15 U.S.C 1602 (L), without the Plaintiff benefiting and after tender had already been received. Defendants are also selling the Plaintiff[']s information without Plaintiff[']s consent," *id*.[1] Although the Plaintiff does not identify the contract at issue in his Complaint, he attached to his Complaint a mortgage agreement between himself and Defendant CME Lending Group, LLC.

The Defendants contend that these allegations are insufficient to state a claim under Indiana law for breach of contract, breach of fiduciary duty, extortion, or identity theft. In

---

[1] 15 U.S.C. § 1602(l) provides the definition of "credit card" as "any card, plate, coupon book or other credit device existing for the purpose of obtaining money, property, labor, or services on credit." 15 U.S.C. § 1602(l). Since this statute is just a definition, this statute by itself cannot be the basis of the Plaintiff's legal claim; and the Plaintiff has not identified any other statute under which he is bringing a claim related to the use of his credit card.

response, the Plaintiff says, "None of these [claims] are state matters, they are all Federal. Plaintiff[']s consumer rights were violated by the Defendants and as a result Plaintiff suffered damages." Pl. Resp. 1, ECF No. 12. Although in his response the Plaintiff identifies sections 16 and 29 of the Federal Reserve Act, "only federal officials may enforce these statutes; private individuals do not have a private right of action to enforce Sections 16 or 29 of the Federal Reserve Act." *Slaughter v. US Cellular*, No. 23-CV-1642, 2023 WL 9051307, at *4 (E.D. Wis. Dec. 29, 2023).[2] Accordingly, the Court dismisses the Plaintiff's contract claims in Counts I–III and Count VI–VII because the Plaintiff filed the Complaint in the instant action as a private individual.

**B.     Securities Fraud Claims (Counts IV and V)**

The Defendants argue that the Plaintiff has failed to state a claim for securities fraud. The allegations in the Plaintiff's Complaint related to his purported securities fraud claims include, in Count IV, "Defendants engaged in fraudulent activities in violation of Federal securities laws, causing harm to Plaintiff[']s investments and interests. Defendants admit understanding Plaintiff[']s instructions but still denied Plaintiff[']s tender." Compl. 5. Also, in Count V, the Plaintiff alleges, "Defendants sold contract to another company and both are benefiting without the Plaintiff receiving interests." *Id*. at 6. These allegations fail to state a securities fraud claim for the reasons set forth below.

First, to state a federal securities fraud claim, the "complaint must allege (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the

---

[2] To the extent that the Plaintiff also identifies in his response the Bill of Exchange Act without citation, it is unclear what United States federal law he is invoking. *See, e.g.*, *Slaughter*, 2023 WL 9051307, at *3 (noting acts with names similar to the Bill of Exchange Act exist in Canada and England but not in the United States).

misrepresentation or omission; (5) economic loss; and (6) loss causation." *Cornielsen v. Infinium Cap. Mgmt., LLC*, 916 F.3d 589, 598 (7th Cir. 2019) (cleaned up). "[C]omplaints alleging securities fraud [must] 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Id*. at 598–99 (quoting 15 U.S.C. § 78u-4(b)(2)(A)). "[T]hat state of mind is an intent to deceive, demonstrated by knowledge of the statement's falsity or reckless disregard of a substantial risk that the statement is false." *Pension Tr. Fund for Operating Eng'rs v. Kohl's Corp*., 895 F.3d 933, 936 (7th Cir. 2018) (cleaned up). "Any complaint alleging a material misstatement or omission must also 'specify each statement alleged to have been misleading' and the 'reason or reasons why the statement is misleading.'" *Cornielsen*, 916 F.3d at 599 (quoting 15 U.S.C. § 78u-4(b)(1)). Further, for loss causation, "the plaintiff must allege and prove that, but for the defendant's wrongdoing, the plaintiff would not have incurred the harm of which he complains." *Bastian v. Petren Res. Corp*., 892 F.2d 680, 685 (7th Cir. 1990).

In this case, the Plaintiff has failed to plead any of the required elements for a securities fraud claim. His purported securities fraud claim is based on the allegations of "fraudulent activities," without further explanation, that are connected to the Defendants' denial of his tender and selling his contract to another company. Thus, there is no allegation of a material misrepresentation or omission by a Defendant let alone specification of each misleading statement with the reason(s) the statements were misleading. Nor is there an allegation of reliance on such a misrepresentation or omission or an allegation of a connection to the purchase or sale of a security as defined by 15 U.S.C. § 78c(a)(10).[3] Also, there is no allegation that any

---

[3] 15 U.S.C. § 78c(a)(10) defines "security" as
> any note, stock, treasury stock, security future, security-based swap, bond, debenture, certificate of interest or participation in any profit-sharing agreement or in any oil, gas, or other mineral royalty or lease, any collateral-trust certificate, preorganization certificate or

Defendant intended to deceive the Plaintiff, nor any allegation of economic loss suffered by the Plaintiff let alone an allegation of loss causation. Thus, the Complaint fails to state a claim for securities fraud.

Second, Federal Rule of Civil Procedure 9(b) requires that when stating a claim for fraud, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Seventh Circuit has explained that Rule 9(b)'s "reference to 'circumstances' . . . requires the plaintiff to state the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994) (cleaned up). The Defendants contend that the Plaintiff's allegations do not meet Rule 9(b)'s heightened pleading standard.

The Court agrees with the Defendants because the Complaint alleges "fraudulent activities" without specifying the misrepresentation that was made, who made the misrepresentation, or when and where it was made. There is also no allegation of the means by which the misrepresentation was communicated to the Plaintiff. Further, the Defendants are correct that the Plaintiff only makes allegations under his securities fraud claims against "the Defendants" without identifying any specific Defendant, which is insufficient group pleading,

---

subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, any put, call, straddle, option, or privilege on any security, certificate of deposit, or group or index of securities (including any interest therein or based on the value thereof), or any put, call, straddle, option, or privilege entered into on a national securities exchange relating to foreign currency, or in general, any instrument commonly known as a 'security'; or any certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase, any of the foregoing; but shall not include currency or any note, draft, bill of exchange, or banker's acceptance which has a maturity at the time of issuance of not exceeding nine months, exclusive of days of grace, or any renewal thereof the maturity of which is likewise limited.
15 U.S.C. § 78c(a)(10).

because "[a] complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient" for the purposes of meeting Rule 9(b)'s particularity requirement. *Cornielsen*, 916 F.3d at 599 (cleaned up). Thus, the Complaint does not allege a misrepresentation with the particularity that Rule 9(b) requires. Accordingly, the Court dismisses the Plaintiff's claims in Counts IV and V of his Complaint.

Therefore, because the Plaintiff has not adequately alleged a claim, his Complaint is dismissed without prejudice. However, the Plaintiff is granted up to and including July 3, 2024, to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("As a general matter, Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading."). Any amended complaint must cure the deficiencies identified in this Opinion. If the Plaintiff does not file an amended complaint by July 3, 2024, the Court will direct the Clerk of Court to close the case.

## CONCLUSION

For the reasons stated above, the Court hereby:

1. GRANTS Defendants' Motion to Dismiss Plaintiff's Complaint [ECF No. 10] and DISMISSES without prejudice the Complaint [ECF No. 1];

2. GRANTS the Plaintiff up to and including July 3, 2024, to file an amended complaint;

3. DENIES as moot the Plaintiff's Memorandum of Notice [ECF No. 21] because the Plaintiff filed his Notice of Status [ECF No. 24], clarifying that his memorandum was a notice of status not a motion; and

4. STRIKES the Plaintiff's Response and Motions to Strike [ECF No. 15] because the filing is a response to the Defendants' reply and a motion to strike, both of which are not permitted under the Northern District of Indiana Local Rule 7-1(a) (motions must be filed separately) and Rule 7-1(d)(2) (permitting only one response by the non-moving party) in the manner submitted by the Plaintiff.

If the Plaintiff does not file an amended complaint by July 3, 2024, the Court will direct the Clerk of Court to close the case without further notice to the Plaintiff.

SO ORDERED on May 28, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT